# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ALBERTO GONZALEZ,

        Plaintiff,

   v.

CITY OF AVENAL, et al.,

        Defendants.

_____/

CASE NO. 1:11-CV-01212-DLB PC

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM (DOC. 1)

RESPONSE DUE WITHIN THIRTY DAYS

## I.    Background

Plaintiff Alberto Gonzalez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on July 22, 2011.  Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

## II.   Summary Of Complaint

Plaintiff is incarcerated at Avenal State Prison ("ASP") in Avenal, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: City of Avenal; Avenal State Prison; Garcia and Green, optometrists employed at ASP; Michael Blackwell and M. Boparai, physicians employed at ASP; and K. Peterson, health care appeals coordinator.

Plaintiff alleges the following: At age seventeen, Plaintiff began using permanent rigid contact lenses due to advanced myopia. Since his arrival at ASP on August 23, 2007, he has been denied rigid contact lenses and solution. Compl. 5.

On August 22, 2008, Plaintiff had a vision consultation with defendant Garcia. Plaintiff explained to defendant Garcia that he had been using rigid contact lenses for many years and "CDCR 128-C chronos" had been issued to him indicating he is vision impaired. Compl. 5.

At some point, Defendants Blackwell and Boparai obstructed Plaintiff's access to an eye specialist and public services. Defendants Blackwell and Boparai unlawfully diagnosed Plaintiff, denied him two CDC 1824 accommodation requests for disability, completed a false CDC 1845, and indicated that verification of Plaintiff's claimed disability was not confirmed. Compl. 6. Defendant K. Peterson, the health care appeals coordinator, supported Plaintiff's denial of access to public services.

Plaintiff contends that the City of Avenal, ASP and the defendant optometrists have a duty to provide him with access to public services, including optometry. The defendant optometrists denied Plaintiff his prescribed rigid contact lenses and access to public services. Compl. 7. The City of Avenal failed to properly supervise, control and discipline its state prison and optometrists. Compl. 9.

Plaintiff alleges severe depression, severe stress, anxiety, anger headaches, blurred visions, dizziness, eye pain and fatigue. Compl. 8, 10. Plaintiff asserts a cause of action for violation of the Americans with Disabilities Act and requests compensatory damages, declaratory and injunctive relief and attorney's fees.

## III.   Discussion

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

(internal quotations omitted).  "To the extent that the violation of a state law amounts to the

deprivation of a state-created interest that reaches beyond that guaranteed by the federal

Constitution, Section 1983 offers no redress."  Id.

**1.      Deficiencies of the Complaint**

    **A.      Rule 8(a)**

Under federal pleading requirements, a complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S.

662, 129 S.Ct. 1937, 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct.

1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-

Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

omitted).  Factual allegations are accepted as true but legal conclusions are not, and Plaintiff is

required to present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129

S.Ct at 1949-50; Moss. v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The

mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct at

1949.

Plaintiff's complaint fails to comply with Rule 8(a)'s requirement that the complaint

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff's repetitive narrative does not clearly or succinctly allege facts against the named

defendants.  Although Plaintiff references an examination by a defendant optometrist, he fails to

identify any specific conduct by the remaining named defendants.  Rather, Plaintiff states legal

conclusions.

1

### B.   Eleventh Amendment Immunity

Plaintiff names ASP as a defendant.  Plaintiff may not sustain an action against a state prison.  The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir.1991) (citation omitted); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir.1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir.1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir.1989).  ASP is part of the California Department of Corrections, a state agency, and it is entitled to Eleventh Amendment immunity from suit.

### C.   City of Avenal

To the extent Plaintiff alleges a violation against the City of Avenal because he believes that the City is responsible for the state prison and its employees, he may not do so.  As alleged in Plaintiff's own complaint, ASP is a state prison and Plaintiff is in the custody of a state agency, the California Department of Corrections and Rehabilitation.  The City of Avenal is not responsible for the state-run prison or its employees.

### D.   Official Capacity

Plaintiff may not bring suit against defendants in their official capacities.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30, 112 S.Ct 358, 364 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

"Personal-capacity suits . . . seek to impose individual liability upon a government officer

4

1  for actions taken under color of state law." <u>Hafer</u>, 502 U.S. at 25; <u>Suever v. Connell</u>, 579 F.3d

2  1047, 1060 (9th Cir. 2009).  Where a plaintiff is seeking damages against a state official and the

3  complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an

4  official capacity suit.  <u>Shoshone-Bannock Tribes v. Fish & Game Comm'n</u>, 42 F.3d 1278, 1284

5  (9th Cir. 1994); <u>Price v. Akaka</u>, 928 F.2d 824, 828 (9th Cir. 1991).

6      **2.    Legal Standards**

7      In the paragraphs that follow, the court will provide Plaintiff with the legal standards that

8  appear to apply to his claims.  Plaintiff should carefully review the standards and amend only

9  those claims that he believes, in good faith, are cognizable.

10     **A.    Americans with Disabilities Act Claim**

11     Plaintiff alleges a violation of the Americans with Disabilities Act ("ADA").  Title II of

12  the ADA provides that "no qualified individual with a disability shall, by reason of such

13  disability, be excluded from participation in or be denied the benefits of the services, programs,

14  or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.

15  Title II of the ADA applies to inmates within state prisons. <u>Pennsylvania Dept. of Corrections v.</u>

16  <u>Yeskey</u>, 524 U.S. 206, 210, 118 S.Ct. 1952, 1955, 141 L.Ed.2d 215 (1998); <u>see</u> <u>also</u> <u>Armstrong</u>

17  <u>v. Wilson</u>, 124 F.3d 1019, 1023 (9th Cir.1997); <u>Duffy v. Riveland</u>, 98 F.3d 447, 453-56 (9th

18  Cir.1996).

19     "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a

20  qualified individual with a disability; (2) [he] was excluded from participation in or otherwise

21  discriminated against with regard to a public entity's services, programs, or activities; and (3)

22  such exclusion or discrimination was by reason of [his] disability." <u>Lovell v. Chandler,</u> 303 F.3d

23  1039, 1052 (9th Cir. 2002).

24     Plaintiff alleges that the defendant optometrists and physicians failed to provide him with

25  rigid contact lenses and optometry care.  Plaintiff thus alleges that he failed to receive medical

26  treatment for his alleged disability.  Courts have found that the ADA does not create a federal

27  cause of action for prisoners challenging the medical treatment provided for their underlying

28  disabilities. <u>See</u>, <u>e.g.</u>, <u>Burger v. Bloomberg</u>, 418 F.3d 882, 883 (8th Cir. 2005) (medical treatment

5

1   decisions not a basis for ADA claim); <u>Fitzgerald v. Corr. Corp. of Am.</u>, 403 F.3d 1134, 1144

2   (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA.  Plaintiff's allegations

3   concern his medical treatment, not discrimination because of any disability. Plaintiff's claims are

4   properly raised under the Eighth Amendment, not the ADA.  Plaintiff thus fails to state a

5   cognizable claim under the ADA.

6                    **B.      Eighth Amendment Medical Care Claim**

7          "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

8   inmate must show 'deliberate indifference to serious medical needs.'"  <u>Jett v. Penner</u>, 439 F.3d

9   1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).  The two part

10  test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

11  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury

12  or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need

13  was deliberately indifferent."  <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d

14  1050, 1059 (9th Cir. 1992), overruled on other grounds, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d

15  1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is

16  shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need,"

17  and "harm caused by the indifference."  <u>Id.</u> (citing <u>McGuckin</u>, 974 F.2d at 1060).  In order to

18  state a claim for violation of the Eighth Amendment, Plaintiff must allege sufficient facts to

19  support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to

20  [Plaintiff's] health . . . ."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

21          In applying this standard, the Ninth Circuit has held that before it can be said that a

22  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

23  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

24  cause of action."  <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing

25  <u>Estelle</u>, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or

26  treating a medical condition does not state a valid claim of medical mistreatment under the

27  Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

28  because the victim is a prisoner."  <u>Estelle</u>, 429 U.S. at 106.  Even gross negligence is insufficient

                                              6

1    to establish deliberate indifference to serious medical needs.  Wood v. Housewright, 900 F.2d

2    1332, 1334 (9th Cir. 1990).

3         Also, "[A] difference of opinion between a prisoner-patient and prison medical

4    authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662

5    F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that

6    the course of treatment the doctors chose was medically unacceptable under the circumstances . .

7    . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's

8    health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A

9    prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate

10   indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

11              **C.    Inmate Appeals Process**

12        Plaintiff alleges that Defendant K. Peterson, the health care appeals coordinator,

13   supported the denial of access to public services.  Plaintiff appears to contend that K. Peterson is

14   liable based on the review of his inmate appeal(s).  Defendant's actions in responding to

15   Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for

16   violation of due process.  "[A prison] grievance procedure is a procedural right only, it does not

17   confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.

18   1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); Ramirez v. Galaza, 334

19   F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement

20   to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)

21   (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855

22   F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest

23   requiring the procedural protections envisioned by the fourteenth amendment." Azeez, 568 F.

24   Supp. at 10.  Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for

25   liability under a section 1983 action.  Buckley, 997 F.2d at 495.

26   **IV.   Conclusion And Order**

27        Plaintiff fails to state any cognizable claims against any Defendants.  The Court will

28   provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies

identified by the Court in this order.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 129 S. Ct. at 1949.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order; and

3.     If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.


IT IS SO ORDERED.

Dated:    **March 9, 2012**                      **/s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE