# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO GONZALES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF AVENAL, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-01212-DLB PC<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM**<br><br>ECF No. 16 |

## I.  **Background**

Plaintiff Alberto Gonzales ("Plaintiff") was a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. On July 22, 2011, Plaintiff filed his Complaint. ECF No. 1. On March 9, 2012, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim upon which relief may be granted, with leave to amend. On June 27, 2012, Plaintiff filed his First Amended Complaint. ECF No. 16.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.    Summary of First Amended Complaint

Plaintiff was incarcerated at Avenal State Prison ("ASP") in Avenal, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Garcia and Green, optometrists at ASP.[1]

Plaintiff alleges the following. Plaintiff arrived at ASP on August 23, 2007, and has been denied his prescribed rigid contact lenses and solution. Plaintiff's current glasses are too old, casted, and not adapted to Plaintiff's vision problems.

On August 22, 2008, Plaintiff had an eye consultation with Defendant Garcia. Plaintiff explained his vision problems and need to wear rigid contact lenses. Plaintiff explained to Defendant Garcia that his current glasses were too old, infested, worn, and not adapted to his vision problem Defendant Garcia failed to provide the rigid contact lenses that had been prescribed by other previous optometrists.

On February 4, 2009, Plaintiff had a consultation with Defendant Green. Plaintiff explained to Defendant Green that he is 85% blind, and that his current glasses were too old, infested, worn, and not adapted to his vision problem. On March 11, 2011 and January 28, 2012, Defendants Garcia and Green both denied Plaintiff's request for accommodation.

Plaintiff contends a violation of the Eighth Amendment. Plaintiff requests as relief:

---

[1] Plaintiff had listed physician assistant Blackwell and chief physician and surgeon M. Boparai as Defendants, but wished to dismiss them from the action.

1 declaratory and injunctive relief, compensatory damages, and costs of suit.[2]

## III. Analysis

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state a claim against Defendants Garcia and Green. First, Plaintiff has not alleged sufficient facts to demonstrate that he suffered from a sufficiently serious medical need. Second, even if Plaintiff had alleged a serious medical need, Plaintiff has not alleged sufficient facts which indicate that Defendants Green and Garcia acted with deliberate indifference. Plaintiff complains that Defendants failed to provide Plaintiff with rigid contact lenses, which were previously prescribed at other facilities. Plaintiff thus alleges a difference of opinion between medical professionals. To establish that such difference amounted to deliberate indifference, Plaintiff must show that the course of treatment of the doctors was medically unacceptable under the

---

[2] Plaintiff also requested attorney's fees pursuant to 42 U.S.C. § 1988. Plaintiff is not an attorney and is thus not permitted to an award of attorney's fees.

circumstances and that it was chosen in conscious disregard of an excessive risk to Plaintiff's health. *Toguchi*, 391 F.3d 1058.  Plaintiff alleges a legal conclusion only, which fails to state a claim. *Iqbal*, 556 U.S. at 678.

### IV.     Conclusion and Order

Plaintiff fails to state a claim against any Defendants.  Plaintiff was provided an opportunity to amend his complaint to cure the deficiencies identified, but was unable to do so.  The Court does not find that Plaintiff can amend his complaint to cure the deficiencies identified.  Leave to amend will not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Accordingly, it is HEREBY ORDERED that this action is dismissed with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **March 11, 2013**               /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

4